# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

HANK TURKNETT                                                        PLAINTIFF

vs.                         Case No. 4:18-cv-00932-JM-JTK

FAULKNER COUNTY SHERIFF's OFFICE,
FAULKNER COUNTY DETENTION FACILITY,
and JOHN FOWLKES, *Deputy Sheriff, Faulkner County*          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

### Instructions

The following recommended disposition was prepared for United States District Judge James M. Moody, Jr. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of this recommendation. *See* 28 U.S.C. § 636(b)(1). The copy will be furnished to the opposing party. The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court. If no objections are filed, Judge Moody may adopt the recommended disposition without independently reviewing all of the record evidence.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a haring for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the United States Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the United States Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the United States Magistrate Judge or before the United States District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Room A149
>   Little Rock, AR 72201

<u>Disposition</u>

On December 18, 2018, *pro se* Plaintiff, Hank Turknett, filed this 42 U.S.C. § 1983 action, alleging "unreasonable search and seizure," "cruel, unusual, and excessive" punishment, and failure to return his property, namely his security cameras. He argues the same claims under the Arkansas Constitution.

The affidavit in support of the arrest warrant (DE #15-1, Exhibit 1) outlines the facts as these: Robert Nichols died in November 2012. His daughter lived out of state and came to Faulkner County to care for her deceased father's personal business. At the time of Nichols's death, there were three vehicles registered to him. Those vehicles were left on the family property, but were allegedly removed some time between March 2012, when the daughter left Arkansas, and February 2015. One of those vehicles, a 1996 Chrysler Sebring convertible, had reportedly been seen on Plaintiff's property.

Investigators went to Plaintiff's property, which is next door to the Nichols property. They reported that they looked through a privacy fence and noticed a similar-styled vehicle on Turknett's property. The officers later returned and got permission from the neighbor on the opposite side of Turknett, to place a ladder beside the fence along Turknett's property to capture a photo of the Chrysler to include the VIN number. Upon investigation, the VIN number on that car was returned as the stolen one missing from the Nichols property. The officers obtained a search warrant. The search took place on Turknett's property on or about February 18, 2015. The officers seized the car, a rifle, and several items containing what was believed to contain drug residue. Officers claim Turknett admitted to removing the vehicle from the property. He was arrested and charged by felony information with seven (7) counts: simultaneous possession of drugs and a firearm; possession of a firearm by certain persons; four (4) counts of possession of drug paraphernalia to ingest, inhale, etc.; and possession of a controlled substance (DE #15-1, Exhibit 1).

Turknett claims he was hired by new purchasers to remove the car from the property because it did not run and to take it to his car repair shop. Turknett states he was arrested and booked into the Faulkner County Detention Facility, where he stayed for three days. He states he was so cold that he passed out and had to be awakened by smelling salts. He claims at least ten SWAT team members came onto his property during the search, and they searched not just for the car in question, but his entire property and house, taking two security cameras with them that have never been returned. Turknett also claims Deputy Sheriff John Fowlkes had a history of threatening him when he responded to disputes between him and his neighbors regarding him running a car repair shop on the property. In this particular incident, Turknett claims Fowlkes, in response to a report of some missing vehicles, launched a "shoddy" investigation in order to draft an "overly broad" affidavit for a search warrant and gain access to Turnkett's property.[1]

The Court previously dismissed Faulkner County Sheriff's Office and Faulkner County Detention Center. The only claims that remain are against Defendant Fowlkes. On July 23, 2019, Fowkles filed a Motion to Dismiss (DE #15) and Brief in Support (DE #16). In it, Fowkles seeks dismissal of the action in part because Plaintiff filed his initial complaint outside of the applicable statute of limitations. Turknett has filed a pleading in response docketed as a Motion for Order (DE #17). In it, Turknett states that from what he

---

[1] The Circuit Court ruled on a motion to suppress by Turknett's counsel that the language in the search warrant was overly broad and ambiguous. As a result, the Court found that the search warrant should fail and that all items seized, except for the vehicle, should be suppressed. The case was closed via an order of Nolle Prosequi filed by the State on March 29, 2016.

understands, it is "up to the judge if the statutes of limitations (sic) applies or not." He also states "I believe I need a restraining order on John Fowlkes and maybe Faulkner County all so, [until] this is over."

For the reasons that follow, the undersigned recommends that the Motion to Dismiss, DE #15, be granted and that this action be dismissed with prejudice. It is also recommended that the Motion for Order, DE #17, be denied as moot.

## Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. In deciding whether a plaintiff has failed to state a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some "set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth must be sufficient to "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570. The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, broad conclusory allegations, even in a *pro se* complaint are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

## Discussion

Section 1983 does not contain its own statute of limitations. Instead, causes of action under Section 1983 are governed by "the most appropriate and analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (Section 1981 case); *see also Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). The "most appropriate and analogous state statute" in Arkansas is Arkansas Code Annotated section 16-56-105(3)——Arkansas's statute of limitations for personal injury actions——which is three years. *See* Ark. Code Ann. § 16-56-105(3) (Repl. 2005); *see Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases); *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991) (holding that the applicable statute of limitations period for a section 1983 in Arkansas is three years).

"A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). "[The] court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Id.* (citation omitted). In this instance, the lawsuit filed under Section 1983 had to be filed within three years from the date the claims accrued. Section 1983 claims accrue "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

Defendant Fowlkes moves for dismissal of the Complaint on the grounds that the statute of limitations bars Plaintiff's claims. Deputy Fowlkes points out that, although the criminal case against Plaintiff was not dismissed until 2016, the events at issue in the

Complaint occurred on February 18, 2015, more than three years before the filing of the Complaint in this case, which was on December 18, 2018. As noted above, the statute of limitations for this action is three years. The conduct that allegedly violated Turknett's constitutional rights occurred in February 2015, and thus, accrued during that same time. *See Perry v. Hill*, Case No. 5:08cv00159 JLH, 2009 WL 1754589, at *2 (E.D. Ark. June 18, 2009) ("In this case, the conduct that allegedly violated Perry's Fourth Amendment protection against unlawful search, seizure, and arrest occurred on August 28, 2003. Perry's cause of action under § 1983 thus accrued on that same day, the day that she discovered or should have discovered that she was injured."). Absent tolling, Turknett's claims were barred at the time he initiated this federal action.

"In order to toll the statute of limitations, there must be a fact question of 'some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself.'" *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (quoting *Martin v. Arthur*, 339 Ark. 149, 3 S.W.3d 684, 687 (1999)). Under Arkansas law, the limitations period "could only be tolled until such time that [the plaintiff] learned of the wrong or was placed on objective notice of the need to investigate the matter." *Id.* at 1017. Turknett, as the plaintiff, "bears the burden of establishing the applicability of this tolling theory." *Graham v. Catamaran Health Solutions, LLC,* Case No. 16-1161, 2017WL 3613328, at *5 (8th Cir. Aug. 23, 2017) (citing *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 901-02, 935 S.W.2d 258, 261 (1996)). Plaintiff has not met his burden of showing that tolling is applicable here. And

7

as noted by Fowlkes, although Plaintiff raised his constitutional claims in his state court criminal case, it did not toll the statute of limitations under Arkansas law. *See Bowen v. Chandler*, Case No. 5:16-cv-05363, 2017 WL 2257355, at *2 (W. D. Ark. May 22, 2017) ("Arkansas does not provide for tolling of the statute of limitations while an inmate pursues state or other remedies. . . . The failure to provide tolling during the pendency of related but independent state actions does not render the state's tolling issues inconsistent with § 1983.") (internal citations omitted).

## Conclusion

Based on the forgoing, the undersigned recommends that the Motion to Dismiss (DE #15) be granted and this case dismissed. The undersigned further recommends that the Motion for Order (DE #17) be denied as moot.

SO ORDERED this 18th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE